## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SPANX, INC.,                              )
                                          )
          Plaintiff,                      )
                                          )          Case No. 13-CV-00710-WSD
     v.                                   )
                                          )
TIMES THREE CLOTHIER, LLC                 )
d/b/a Yummie Tummie,                      )
                                          )
          Defendant.                      )

## PLAINTIFF SPANX, INC.'S ANSWER TO
## <u>DEFENDANT TIMES THREE CLOTHIER, LLC's COUNTERCLAIMS</u>

In accordance with Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff Spanx, Inc. ("Spanx"), by its attorneys, hereby answers the Counterclaims of Defendant Times Three Clothier, LLC d/b/a Yummie Tummie ("Yummie Tummie"), as asserted in the Answer, Affirmative Defenses, And Counterclaims (Dkt. 17) filed herein by Yummie Tummie on May 13, 2013, as follows:

## <u>ANSWER TO COUNTERCLAIMS</u>

Spanx responds to the separately-numbered paragraphs of Yummie Tummie's Counterclaims as follows:

1. Yummie Tummie owns the designs claimed in United States Design Patent Nos. 606,285 ("the '285 Patent"); 616,627 ("the '627 Patent"); 622,477 ("the '477 Patent"); and 623,377 ("the '377 Patent") (collectively "the patents-in-suit"). Spanx has copied Yummie Tummie's patented designs in garments that it makes, uses, sells, and offers to sell, without Yummie Tummie's permission, and has contributed to or induced, and continues to contribute to or induce, others to infringe the patents-in-suit. Yummie Tummie seeks damages and/or a disgorgement of Spanx's total profits as well as its customers' profits for patent infringement and an injunction preventing Spanx from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Yummie Tummie's patented designs without permission.

   <u>Response</u>:  In response to the allegations of paragraph 1 of Yummie

Tummie's Counterclaims, Spanx admits that the first page of each of the above-

referenced patents-in-suit identifies Yummie Tummie as the patent assignee;

denies that Spanx has copied or infringed or contributed to the infringement of or

induced others to infringe the patents-in-suit; admits that Yummie Tummie

purports to seek the relief described in paragraph 1 but denies that Yummie

Tummie is entitled to such relief; and denies any remaining allegations of

paragraph 1.

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1338(a).

   <u>Response</u>:  In response to the allegations of paragraph 2 of Yummie

Tummie's Counterclaims, Spanx admits that the Counterclaims purport to state

claims under 35 U.S.C. §§ 271 and 281, et seq.; admits that this Court has subject

matter jurisdiction over such claims pursuant to 28 U.S.C. § 1338(a); and denies

any remaining allegations of paragraph 2.

3.  This action is subject to Yummie Tummie's Motion to Transfer, or in the
    alternative, Stay this Action, requesting that this Court transfer this action to the
    United States District Court for the Southern District of New York, or stay this
    action in favor of allowing the related action in New York to proceed.  (D.I. 4).
    Subject to the Court not granting Yummie Tummie's Motion to Transfer, or in
    the alternative, Stay this Action, venue is proper in this Court pursuant to 28
    U.S.C. § 1391 because Spanx's headquarters are located in Georgia and Spanx
    is responsible for acts of infringement occurring in the Northern District of
    Georgia as alleged in this Complaint, and has delivered or caused to be
    delivered its infringing products in this District.

    <u>Response</u>:  In response to the allegations of paragraph 3 of Yummie

Tummie's Counterclaims, Spanx asserts that the subject action should not proceed

in New York but should proceed in this Court, the first-filed court, the Northern

District of Georgia; subject to that proviso, Spanx admits that Yummie Tummie

filed a Motion to Transfer, or in the alternative, Stay this Action, requesting that

this Court transfer this action to the United States District Court for the Southern

District of New York, or stay this action in favor of allowing the related action in

New York to proceed and that said motion was opposed by Spanx and is currently

pending; Spanx admits that venue is proper in Georgia and that Spanx does

business in Georgia; Spanx specifically denies that it has infringed or that it is

infringing any of the patents in-suit; Spanx specifically denies that it has delivered

or caused to be delivered into the Northern District of Georgia or the Southern

District of New York or elsewhere any products that infringe the patents-in-suit;

and denies any remaining allegations of paragraph 3.

4.  Yummie Tummie is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

    <u>Response</u>:  Admitted.

5.  Yummie Tummie is an independent manufacturer of shapewear garments that embody innovative designs that are marketed, distributed, and sold under the well-known brand names Yummie Tummie®, Yummie by Heather Thomson®, Tummy Tank®, Tummylicious TM, RIPT Fusion® and Core FormTM (collectively, "Yummie Tummie®").  Yummie Tummie's expansive Yummie Tummie® product line was conceived and designed by Heather Thomson, a fashion designer and creative director who has contributed to many acclaimed fashion collections, including Sean John by Sean Combs, Sweetface by Jennifer Lopez, and House of Deréon by Beyonce Knowles.

    <u>Response</u>:  Spanx is without knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 5 of Yummie Tummie's

Counterclaims and therefore denies the same, leaving Yummie Tummie to its

proof.

6.  Yummie Tummie has invested significant time, effort and expense to protect its innovative designs and has a patent portfolio of eleven patents, including the patents-in-suit.  Ms. Thomson's patented designs are embodied in an expansive line of Yummie Tummie® products, all of which offer consumers attractive and fashion-forward women's shapewear.  Yummie Tummie has launched a range of Yummie Tummie® branded shapewear products based on its patented designs, including a variety of styles of tops, apparel, and intimates for women of all sizes.  Yummie Tummie's Yummie Tummie® line of shapewear is sold at such retailers as Saks Fifth Avenue, Nordstrom, The Home Shopping Network, Bloomingdale's and Lord & Taylor.

Response:  In response to the allegations of paragraph 6 of Yummie Tummie's Counterclaims, Spanx admits that Yummie Tummie sells some of its products at Nordstrom and at Lord & Taylor; Spanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of Yummie Tummie's Counterclaims and therefore denies the same, leaving Yummie Tummie to its proof as to those allegations.

7. The United States Patent and Trademark Office issued the '285 Patent on December 22, 2009.  A copy of the '285 Patent is attached hereto as Exhibit 1. Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '285 Patent.

Response:  In response to the allegations of paragraph 7 of Yummie Tummie's Counterclaims, Spanx admits that the '285 Patent, on its face, bears an issue date of December 22, 2009 and identifies Yummie Tummie as the assignee of the '285 Patent; Spanx admits that Counterclaims Exhibit 1 purports to be a copy of said patent; Spanx denies that said patent was rightfully issued; and Spanx states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies the same, leaving Yummie Tummie to its proof as to those allegations.

8. The United States Patent and Trademark Office issued the '627 Patent on June 1, 2010.  A copy of the '627 Patent is attached hereto as Exhibit 2.  Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '627 Patent.

Response:  In response to the allegations of paragraph 8 of Yummie

Tummie's Counterclaims, Spanx admits that the '627 Patent, on its face, bears an

issue date of June 1, 2010 and identifies Yummie Tummie as the assignee of the

'627 Patent; Spanx admits that Counterclaims Exhibit 2 purports to be a copy of

said patent; Spanx denies that said patent was rightfully issued; and Spanx states

that it is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of paragraph 8 and therefore denies the same, leaving

Yummie Tummie to its proof as to those allegations.

9.  The United States Patent and Trademark Office issued the '477 Patent on
    August 31, 2010.  A copy of the '477 Patent is attached hereto as Exhibit 3.
    Through assignment, Yummie Tummie is the owner of all right, title, and
    interest, including rights for past infringements, in the '477 Patent.

Response:  In response to the allegations of paragraph 9 of Yummie

Tummie's Counterclaims, Spanx admits that the '477 Patent, on its face, bears an

issue date of August 31, 2010 and identifies Yummie Tummie as the assignee of

the '477 Patent; Spanx admits that Counterclaims Exhibit 3 purports to be a copy

of said patent; Spanx denies that said patent was rightfully issued; and Spanx states

that it is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of paragraph 9 and therefore denies the same, leaving

Yummie Tummie to its proof as to those allegations.

10. The United States Patent and Trademark Office issued the '377 Patent on September 14, 2010.  A copy of the '377 Patent is attached hereto as Exhibit 4. Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '377 Patent.

   Response:  In response to the allegations of paragraph 10 of Yummie

Tummie's Counterclaims, Spanx admits that the '377 Patent, on its face, bears an

issue date of September 14, 2010 and identifies Yummie Tummie as the assignee

of the '377 Patent; Spanx admits that Counterclaims Exhibit 4 purports to be a

copy of said patent; Spanx denies that said patent was rightfully issued; and Spanx

states that it is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of paragraph 10 and therefore denies the

same, leaving Yummie Tummie to its proof as to those allegations.

11. Yummie Tummie has complied with the statutory requirement of placing a notice of the patents-in-suit on all necessary garments it manufactures and sells.

   Response:  Spanx is without knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 11 of Yummie Tummie's

Counterclaims and therefore denies the same, leaving Yummie Tummie to its

proof.

12. Spanx has used and continues to use the designs of the patents-in-suit in products that it makes, uses, sells, and offers to sell, without Yummie Tummie's permission, including, but not limited to, Spanx's "The Total Taming Tank A226764," also known as "The Spanx Total Taming Tank," "the Top This Tank Style 1847" and "The Top This Cami Style 1846" (collectively the "Infringing Garments").

Response: Denied.

13. Spanx has contributed to or induced, and continues to contribute to or induce, others, including third party garment retailers, including, *inter alia*, JC Penny, Kohl's and QVC, and garment purchasers, to infringe at least one of the patents-in-suit by using, offering for sale, and selling at least one of the Infringing Garments, which are copies of Yummie Tummie's patented designs, without Yummie Tummie's permission.

Response: Denied.

14. Spanx was aware of Yummie Tummie's patents at least as early as May 18, 2012 as a result of a letter Yummie Tummie sent to Spanx listing certain patents-in-suit thereby providing Spanx with actual knowledge of same.

Response: In response to the allegations of paragraph 14 of Yummie

Tummie's Counterclaims, Spanx admits that Yummie Tummie addressed a letter

dated May 18, 2012 to "Carrie L. Kiedrowksi" (sp) of Jones Day, which letter

listed certain patents including some of the patents-in-suit and stated "Spanx has

thus far refrained from infringing upon these patents"; and denies any remaining

allegations of paragraph 14.

15. On January 18, 2013, Yummie Tummie sent Spanx a cease and desist letter, in regard to the Infringing Garments demanding that Spanx refrain from further infringing Yummie Tummie's patents and compensate Yummie Tummie for its past infringement. A copy of the January 18, 2013 letter is attached as Exhibit 5. Since that time, Spanx's counsel responded to the January 18 letter which led to discussions between the parties in an attempt to resolve the matter. Such discussions were not successful.

Response: In response to the allegations of paragraph 15 of Yummie

Tummie's Counterclaims, Spanx admits receiving a letter dated January 18, 2013

- 8 -

from Yummie Tummie charging Spanx with infringement of U.S. Design Patent

Nos. D606,285S, D616,627S, D632,051S, D632,052S, D632,053S, D622,477S,

and D623,377S as to three Spanx products, "The Total Taming Tank A226764,"

also known as "The Spanx Total Taming Tank," "The Top This Tank Style 1847"

and "The Top This Cami Style 1846" ("the accused Spanx products") and admits

that the parties engaged in discussions thereafter, which discussions were

unsuccessful in resolving the parties' dispute; Spanx admits that Counterclaims

Exhibit 5 is a copy of Yummie Tummie's January 18, 2013 letter; Spanx further

states that when it became apparent that Yummie Tummie insisted upon a broad

interpretation of its design patents that would compromise Spanx's ability to

continue to make functional shapewear and would affect not only the discontinued

Total Taming Tank but also the Top This products (and presumably future

functional garments as well), Spanx filed this Declaratory Judgment action in the

Northern District of Georgia on March 5, 2013; Spanx denies that it has infringed

or is infringing any valid claim of the patents-in-suit, and denies any remaining

allegations of paragraph 15.

## ANSWER TO COUNT I

### (Alleged Design Patent Infringement, 35 U.S.C. §§ 271 and 281)

16. Yummie Tummie incorporates the allegations contained in paragraphs 1
through 18 [sic] as though fully set forth herein.

- 9 -

Response:  In response to the allegations of paragraph 16 of Yummie Tummie's Counterclaim, Spanx repeats and realleges its responses to paragraphs 1 through 15 above and 17 through 18 below as if fully set forth herein.

17. Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '285 Patent in violation of 35 U.S.C. § 271(a).

Response:  Denied.

18. On information and belief, Spanx has been and still is actively inducing others to infringe the '285 Patent in violation of 35 U.S.C. § 271(b).

Response:  Denied.

19. On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

Response:  Denied.

20. By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

Response:  Denied.

## ANSWER TO COUNT II

## (Alleged Design Patent Infringement, 35 U.S.C. §§ 271 and 281)

21. Yummie Tummie incorporates the allegations contained in paragraphs 1 through 18 [sic] as though fully set forth herein.

<u>Response</u>:  In response to the allegations of paragraph 21 of Yummie Tummie's Counterclaim, Spanx repeats and realleges its responses to paragraphs 1 through 20 above as if fully set forth herein.

22. Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '627 Patent in violation of 35 U.S.C. § 271(a).

   <u>Response</u>: Denied.

23. On information and belief, Spanx has been and still is actively inducing others to infringe the '627 Patent in violation of 35 U.S.C. § 271(b).

   <u>Response</u>:  Denied.

24. On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

   <u>Response</u>:  Denied.

25. By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

   <u>Response</u>:  Denied.

## **<u>ANSWER TO COUNT III</u>**

## **<u>(Alleged Design Patent Infringement, 35 U.S.C. §§ 271 and 281)</u>**

26. Yummie Tummie incorporates the allegations contained in paragraphs 1 through 18 [sic] as though fully set forth herein.

<u>Response</u>:  In response to the allegations of paragraph 26 of Yummie

Tummie's Counterclaim, Spanx repeats and realleges its responses to paragraphs 1

through 25 above as if fully set forth herein.

27. Spanx has been and, on information and belief, still is making, using, offering
to sell, selling, and/or importing in the United States Infringing Garments that
infringe the '477 Patent in violation of 35 U.S.C. § 271(a).

> <u>Response</u>:  Denied.

28. On information and belief, Spanx has been and still is actively inducing others
to infringe the '477 Patent in violation of 35 U.S.C. § 271(b).
<u>Response</u>:  Denied.

29. On information and belief, Spanx's infringement has been intentional and
willful, making this an exceptional case.
<u>Response</u>:  Denied.

30. By reason of Spanx's infringement, Yummie Tummie has suffered, and unless
Spanx's conduct is permanently enjoined, will continue to suffer, actual
damages and irreparable harm, as to which it has no adequate remedy at law.

> <u>Response</u>:  Denied.

## <u>ANSWER TO COUNT IV</u>

## <u>(Alleged Design Patent Infringement, 35 U.S.C. §§ 271 and 281)</u>

31. Yummie Tummie incorporates the allegations contained in paragraphs 1
through 18 [sic] as though fully set forth herein.

> <u>Response</u>:  In response to the allegations of paragraph 31 of Yummie

Tummie's Counterclaim, Spanx repeats and realleges its responses to paragraphs 1

through 30 above as if fully set forth herein.

32. Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '377 Patent in violation of 35 U.S.C. § 271(a).

   Response:  Denied.

33. On information and belief, Spanx has been and still is actively inducing others to infringe the '377 Patent in violation of 35 U.S.C. § 271(b).

   Response:  Denied.

34. On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

   Response:  Denied.

35. By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

   Response:  Denied.

## DEFENSES

   Without assuming any burden of proof placed on Yummie Tummie with respect to Yummie Tummie's Counterclaims, Spanx asserts the following additional defenses to Yummie Tummie's Counterclaims:

## FIRST DEFENSE

   Yummie Tummie's Counterclaims, and each and every count thereof, fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Spanx has not infringed and does not infringe, directly or indirectly, any valid claim of the patents-in-suit.

## THIRD DEFENSE

The patents-in-suit are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, 112, and/or 171.

## FOURTH DEFENSE

Yummie Tummie's claims for damages are barred, in whole or in part, as a result of, upon information and belief, the failure of Yummie Tummie and/or its licensees to comply with the notice and marking requirements of 35 U.S.C. § 287.

* * *

Spanx denies each and every allegation of Yummie Tummie's Counterclaims not specifically admitted or otherwise specifically responded to herein.  Spanx denies that it has violated or infringed any rights of Yummie Tummie, has violated any laws or statutes, or has engaged in any acts that have damaged Yummie Tummie.  Spanx denies that it has infringed any valid claim of the patents-in-suit, and denies that the patents-in-suit are valid.  Spanx denies it is

liable to Yummie Tummie for any reason or in any amount and that Yummie Tummie is entitled to any relief of any type against Spanx.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Yummie Tummie's Counterclaims, Spanx respectfully prays that the Court:

A.   enter an order dismissing Yummie Tummie's Counterclaims and each and every claim and count thereof with prejudice;

B.   enter judgment in favor of Spanx on Yummie Tummie's Counterclaims and each and every claim and count thereof; and

C.   award Spanx its costs and attorneys' fees; and

D.   grant Spanx such other and further relief as the Court deems just and proper.

Respectfully submitted, this 6th day of June, 2013.

KING & SPALDING LLP

s/ Natasha H. Moffitt
Natasha H. Moffitt
   (Georgia Bar No. 367468)
Laura S. Huffman
   (Georgia Bar No. 595909)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile:  (404) 572-5134
E-mail: nmoffitt@kslaw.com
E-mail: lhuffman@kslaw.com

Kathleen E. McCarthy
   (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2345
E-mail: kmccarthy@kslaw.com

Attorneys for Plaintiff and
Counterclaim Defendant
SPANX, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing

PLAINTIFF SPANX, INC.'S ANSWER TO DEFENDANT TIMES THREE

CLOTHIER, LLC's COUNTERCLAIMS with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to Defendant's counsel

of record:

> Theodore H. Davis Jr.
> Kilpatrick Townsend & Stockton LLP
> 1100 Peachtree Street
> Suite 2800
> Atlanta, GA 30309
>
> Steven B. Pokotilow
> Laura Goldbard George
> Binni N. Shah
> Stroock Stroock & Lavan
> 180 Maiden Lane
> New York, NY 10038-4982

This 6th day of June, 2013.

> s/ Natasha H. Moffitt
> Natasha H. Moffitt