## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SPANX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-CV-00710-WSD |
| | ) | |
| v. | ) | |
| | ) | |
| TIMES THREE CLOTHIER, LLC | ) | |
| d/b/a Yummie Tummie, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT TIMES THREE CLOTHIER, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF SPANX'S SECOND AMENDED COMPLAINT

Defendant Times Three Clothier, LLC ("Yummie Tummie"), by and

through its undersigned counsel, answers the allegations set forth in the Second

Amended Complaint for Declaratory Relief ("Amended Complaint") filed by

Plaintiff Spanx, Inc. ("Spanx"), and sets forth its affirmative defenses and

counterclaims below.

## ANSWER

Yummie Tummie hereby responds to each numbered paragraph in the

Amended Complaint as follows:

-1-

1.     Yummie Tummie is without knowledge or information sufficient to form a belief as to whether Spanx is a Georgia corporation with its principal place of business at 3344 Peachtree Road, NE, Suite 1700, Atlanta, Georgia 30326, and therefore denies the same.  Yummie Tummie is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 1, and therefore denies the same.

2.     Yummie Tummie admits that it is a New York limited liability company with its principal place of business at 561 Seventh Avenue, 12th Floor, New York, New York 10018, and that it sells and manufactures body-shaping undergarments and apparel, and otherwise denies the remaining allegations of Paragraph 2.

3.     Yummie Tummie admits that Spanx's claims purport to arise under the patent laws of the United States, Title 35 of the United States Code, § 1 et seq. with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Yummie Tummie admits that an actual, substantial, and continuing justiciable controversy exists between Spanx and Yummie Tummie that requires a declaration of rights by this Court, but denies all remaining allegations of Paragraph 3.

4.     Yummie Tummie admits that this Court has subject matter jurisdiction over the Complaint.

5.     Yummie Tummie admits that this Court has personal jurisdiction, general and specific over itself.

6.     Yummie Tummie admits that the Northern District of Georgia is a proper venue pursuant to 28 U.S.C. § 1391, but denies that venue is otherwise proper in this judicial district and/or that this is the most appropriate or convenient forum pursuant to 28 U.S.C. § 1404.  Yummie Tummie further asserts that this action is subject to Yummie Tummie's Motion to Transfer, or in the alternative, Stay this Action, requesting that this Court transfer this action to the United States District Court for the Southern District of New York, or stay this action in favor of allowing the related action in New York to proceed. (D.I. 4).

7.     Yummie Tummie admits the allegations of Paragraph 7.

8.     Yummie Tummie admits the allegations of Paragraph 8.

9.     Yummie Tummie admits the allegations of Paragraph 9.

10.     Yummie Tummie admits that on or about January 18, 2013, Yummie Tummie (through its counsel) contacted Spanx by letter identifying certain patents that Yummie Tummie owns, providing copies of said patents, and stating that "Spanx is making, offering for sale and selling shapewear products ... in the United

-3-

States that contain Yummie's patented designs" and that the Spanx products "appear substantially the same as the patented designs from the point of view of an ordinary observer, thereby, constituting design patent infringement."  Yummie Tummie further admits that in its January 18 letter, Yummie Tummie identified the allegedly infringing Spanx products as including "The Total Taming Tank A226764, also known as The Spanx Total Taming Tank, the Top This Tank Style 1847 and The Top This Cami Style 1846" (collectively, the "Accused Products"). Yummie Tummie further admits that it noted in its January 18 letter that it "vigorously enforces the rights in its patents, and as you may know, settled a patent infringement litigation with Maidenform $6.75 million," and demanded, among other things, that Spanx cease manufacturing, offering for sale, and selling the Accused Products, but otherwise denies each and every remaining allegation of Paragraph 10.

11.    Yummie Tummie admits that on or about February 14, 2013, Spanx (through counsel) responded to Yummie Tummie's January 18, 2013 letter, describing purported differences between the Accused Products and certain patents, and stating, *inter alia*, its belief that the Accused Products do not infringe. Yummie Tummie otherwise denies each and every remaining allegation of Paragraph 11.

-4-

12.     Yummie Tummie admits that the parties have communicated on several occasions following Yummie Tummie's January 18, 2013 Letter concerning Spanx's infringement.  Yummie Tummie further admits that it maintained that the Accused Products infringed Yummie Tummie's patents and expressed a willingness to enforce its patents against Spanx, but otherwise denies each and every remaining allegation of Paragraph 12.

13.     Yummie Tummie admits that Yummie Tummie filed suit on April 2, 2013 against Spanx in the Southern District of New York asserting infringement of the Patents-in-Suit and that Spanx has denied infringement in the New York Action. Yummie Tummie also admits that Spanx filed the subject action on March 5, 2013 seeking declaratory relief of non-infringement of four of the six Patents-in-Suit, and that Spanx has opposed Yummie Tummie's Motion to Transfer, or in the alternative, Stay this Action, but denies each and every remaining allegation of Paragraph 13.

14.     Yummie Tummie admits that an actual and justiciable controversy exists regarding Spanx's infringement of the Patents-in-Suit, and otherwise denies all remaining allegations of Paragraph 14.

15.     Yummie Tummie incorporates by references its responses to paragraphs 1 through 14 above, as though fully set forth herein.

-5-

16.     Yummie Tummie admits that it disputes Spanx's contention that its products, including The Total Taming Tank A226764, also known as The Spanx Total Taming Tank, The Top This Tank Style 1847, and The Top This Cami Style 1846, have not infringed and do not infringe any valid claim of the Patents-in-Suit, and otherwise denies each and every remaining allegation of Paragraph 16.

17.     Yummie Tummie responds that this  is a legal determination and thus no response from Yummie Tummie is required.  To the extent a response is required, Yummie Tummie denies each and every allegation of Paragraph 17.

18.     Yummie Tummie incorporates by references its responses to paragraphs 1 through 17 above, as though fully set forth herein.

19.     Yummie Tummie denies each and every allegation of Paragraph 19.

20.     Yummie Tummie responds that this is a legal determination and thus no response from Yummie Tummie is required.  To the extent a response is required, Yummie Tummie denies each and every allegation of Paragraph 20.

Response to Prayer for Relief:  Yummie Tummie denies the allegations contained in Spanx's Prayer for Relief and further denies that Spanx is entitled to any relief whatsoever against Yummie Tummie.

-6-

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

Spanx fails to state claims upon which relief can be granted.

### Second Affirmative Defense

Yummie Tummie reserves the right to set forth additional affirmative defenses as they become known during the course of discovery.

## COUNTERCLAIMS

Yummie Tummie, by and through it attorneys, alleges and asserts as follows:

### <u>Introduction</u>

1.     Yummie Tummie owns the designs claimed in United States Design Patent Nos. 606, 285 ("the '285 Patent"); 616,627 ("the '627 Patent"); 622,477 ("the '477 Patent"); 623,377 ("the '377 Patent") 665,558 ("the '558 Patent") and 666,384 ("the '384 Patent") (collectively "the patents-in-suit").  Spanx has copied Yummie Tummie's patented designs in garments that it makes, uses, sells, and offers to sell, without Yummie Tummie's permission, and has contributed to or induced, and continues to contribute to or induce, others to infringe the patents-in-suit.  Yummie Tummie seeks damages and/or a disgorgement of Spanx's total profits as well as its customers' profits for patent infringement and an injunction

-7-

preventing Spanx from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Yummie Tummie's patented designs without permission.

**Jurisdiction and Venue**

2.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1338(a).

3.      This action is subject to Yummie Tummie's Motion to Transfer, or in the alternative, Stay this Action, requesting that this Court transfer this action to the United States District Court for the Southern District of New York, or stay this action in favor of allowing the related action in New York to proceed. (D.I. 4). Subject to the Court not granting Yummie Tummie's Motion to Transfer, or in the alternative, Stay this Action, venue is proper in this Court pursuant to 28 U.S.C. §1391 because Spanx's headquarters are located in Georgia and Spanx is responsible for acts of infringement occurring in the Northern District of Georgia as alleged in this Complaint, and has delivered or caused to be delivered its infringing products in this District.

-8-

**Yummie Tummie**

4.      Yummie Tummie is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

5.      Yummie Tummie is an independent manufacturer of shapewear garments that embody innovative designs that are marketed, distributed, and sold under the well-known brand names Yummie Tummie®, Yummie by Heather Thomson®, Tummy Tank®, Tummylicious™, RIPT Fusion® and Core Form™ (collectively, "Yummie Tummie®"). Yummie Tummie's expansive Yummie Tummie® product line was conceived and designed by Heather Thomson, a fashion designer and creative director who has contributed to many acclaimed fashion collections, including Sean John by Sean Combs, Sweetface by Jennifer Lopez, and House of Deréon by Beyonce Knowles.

6.      Yummie Tummie has invested significant time, effort and expense to protect its innovative designs and has a patent portfolio of eleven patents, including the patents-in-suit.  Ms. Thomson's patented designs are embodied in an expansive line of Yummie Tummie® products, all of which offer consumers attractive and fashion-forward women's shapewear. Yummie Tummie has launched a range of Yummie Tummie® branded shapewear products based on its patented designs,

-9-

including a variety of styles of tops, apparel, and intimates for women of all sizes. Yummie Tummie's Yummie Tummie® line of shapewear is sold at such retailers as Saks Fifth Avenue, Nordstrom, The Home Shopping Network, Bloomingdale's and Lord & Taylor.

**Yummie Tummie's Design Patents**

7.      The United States Patent and Trademark Office issued the '285 Patent on December 22, 2009.  A copy of the '285 Patent is attached hereto as Exhibit 1. Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '285 Patent.

8.      The United States Patent and Trademark Office issued the '627 Patent on June 1, 2010.  A copy of the '627 Patent is attached hereto as Exhibit 2. Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '627 Patent.

9.      The United States Patent and Trademark Office issued the '477 Patent on August 31, 2010.  A copy of the '477 Patent is attached hereto as Exhibit 3. Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '477 Patent.

10.      The United States Patent and Trademark Office issued the '377 Patent on September 14, 2010.  A copy of the '377 Patent is attached hereto as Exhibit 4.

NY 74670411

Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '377 Patent.

11.     The United States Patent and Trademark Office issued the '558 Patent on August 21, 2012.  A copy of the '558 Patent is attached hereto as Exhibit 5. Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '558 Patent.

12.     The United States Patent and Trademark Office issued the '384 Patent on September 4, 2012.  A copy of the '384 Patent is attached hereto as Exhibit 6. Through assignment, Yummie Tummie is the owner of all right, title, and interest, including rights for past infringements, in the '384 Patent.

13.     Yummie Tummie has complied with the statutory requirement of placing a notice of the patents-in-suit on all necessary garments it manufactures and sells.

**Spanx's Acts of Infringement**

14.     Spanx has used and continues to use the designs of the patents-in-suit in products that it makes, uses, sells, and offers to sell, without Yummie Tummie's permission, including, but not limited to, Spanx's "The Total Taming Tank A226764," also known as "The Spanx Total Taming Tank," "the Top This Tank

-11-

Style 1847" and "The Top This Cami Style 1846" (collectively the "Infringing Garments").

15.    Spanx has contributed to or induced, and continues to contribute to or induce, others, including third party garment retailers, including, *inter alia*, JC Penny, Kohl's and QVC, and garment purchasers, to infringe at least one of the patents-in-suit by using, offering for sale, and selling at least one of the Infringing Garments, which are copies of Yummie Tummie's patented designs, without Yummie Tummie's permission.

16.    Spanx was aware of Yummie Tummie's patents at least as early as May 18, 2012 as a result of a letter Yummie Tummie sent to Spanx listing certain patents-in-suit thereby providing Spanx with actual knowledge of same.

17.    On January 18, 2013, Yummie Tummie sent Spanx a cease and desist letter, in regard to the Infringing Garments demanding that Spanx refrain from further infringing Yummie Tummie's patents and compensate Yummie Tummie for its past infringement.  A copy of the January 18, 2013 letter is attached as Exhibit 7.  Since that time, Spanx's counsel responded to the January 18 letter which led to discussions between the parties in an attempt to resolve the matter. Such discussions were not successful.

-12-

## COUNT I
## (DESIGN PATENT INFRINGEMENT, 35 U.S.C. §§ 271 AND 281)

18.     Yummie Tummie incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19.     Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '285 Patent in violation of 35 U.S.C. § 271(a).

20.     On information and belief, Spanx has been and still is actively inducing others to infringe the '285 Patent in violation of 35 U.S.C. § 271(b).

21.     On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

22.     By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT II
## (DESIGN PATENT INFRINGEMENT, 35 U.S.C. §§ 271 AND 281)

23.     Yummie Tummie incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

-13-

24.     Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '627 Patent in violation of 35 U.S.C. § 271(a).

25.     On information and belief, Spanx has been and still is actively inducing others to infringe the '627 Patent in violation of 35 U.S.C. § 271(b).

26.     On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

27.     By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT III
## (DESIGN PATENT INFRINGEMENT, 35 U.S.C. §§ 271 AND 281)

28.     Yummie Tummie incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

29.     Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '477 Patent in violation of 35 U.S.C. § 271(a).

30.     On information and belief, Spanx has been and still is actively inducing others to infringe the '477 Patent in violation of 35 U.S.C. § 271(b).

-14-

31.    On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

32.    By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT IV
## (DESIGN PATENT INFRINGEMENT, 35 U.S.C. §§ 271 AND 281)

33.    Yummie Tummie incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

34.    Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '377 Patent in violation of 35 U.S.C. § 271(a).

35.    On information and belief, Spanx has been and still is actively inducing others to infringe the '377 Patent in violation of 35 U.S.C. § 271(b).

36.    On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

37.    By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

-15-

## COUNT V
## (DESIGN PATENT INFRINGEMENT, 35 U.S.C. §§ 271 AND 281)

38.   Yummie Tummie incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

39.   Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '558 Patent in violation of 35 U.S.C. § 271(a).

40.   On information and belief, Spanx has been and still is actively inducing others to infringe the '558 Patent in violation of 35 U.S.C. § 271(b).

41.   On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

42.   By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## COUNT VI
## (DESIGN PATENT INFRINGEMENT, 35 U.S.C. §§ 271 AND 281)

43.   Yummie Tummie incorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

44.    Spanx has been and, on information and belief, still is making, using, offering to sell, selling, and/or importing in the United States Infringing Garments that infringe the '384 Patent in violation of 35 U.S.C. § 271(a).

45.    On information and belief, Spanx has been and still is actively inducing others to infringe the '384 Patent in violation of 35 U.S.C. § 271(b).

46.    On information and belief, Spanx's infringement has been intentional and willful, making this an exceptional case.

47.    By reason of Spanx's infringement, Yummie Tummie has suffered, and unless Spanx's conduct is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Yummie Tummie respectfully requests that this Court:

1.    Enter judgment in favor of Yummie Tummie;

2.    Permanently enjoin Spanx and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Spanx, or on its behalf, from further infringing the '285 Patent, and from inducing others to infringe the '285 Patent;

-17-

3.      Permanently enjoin Spanx and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Spanx, or on its behalf, from further infringing the '627 Patent, and from inducing others to infringe the '627 Patent;

4.      Permanently enjoin Spanx and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Spanx, or on its behalf, from further infringing the '477 Patent, and from inducing others to infringe the '477 Patent;

5.      Permanently enjoin Spanx and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Spanx, or on its behalf, from further infringing the '377 Patent, and from inducing others to infringe the '377 Patent;

-18-

6.     Permanently enjoin Spanx and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Spanx, or on its behalf, from further infringing the '558 Patent, and from inducing others to infringe the '558 Patent;

7.     Permanently enjoin Spanx and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concern with Spanx, or on its behalf, from further infringing the '384 Patent, and from inducing others to infringe the '384 Patent;

8.     Award Yummie Tummie its actual damages under 35 U.S.C. § 284 in an amount to be determined at trial;

9.     Award Yummie Tummie enhanced damages up to three times the amount found or assessed under 35 U.S.C. § 284, as a result of Spanx's knowing and willful infringement;

-19-

10.     Award Yummie Tummie the disgorged total profits of Spanx and its customers that sold or offered for sale the Infringing Garments under 35 U.S.C. §289 from infringing the patents-in-suit in an amount to be determined at trial;

11.     Award Yummie Tummie punitive damages because of Spanx's knowing, willful, and deliberate bad faith acts of unfair competition in an amount to be determined at trial;

12.     Award Yummie Tummie all of its actual costs and reasonable attorneys' fees in this action as authorized by 35 U.S.C. § 285; and

13.     Grant to Yummie Tummie such other relief as may be just and warranted under the circumstances.

NY 74670411

## JURY TRIAL DEMAND

Yummie Tummie demands a trial by jury on all issues so triable.

|   | Kilpatrick Townsend & Stockton LLP |
|---|---|
| OF COUNSEL: | |
| | By:  s/Theodore H. Davis Jr. |
| Steven B. Pokotilow | Theodore H. Davis Jr. |
| Laura Goldbard George | Ga. Bar. No. 212913 |
| Irah H. Donner | 1100 Peachtree Street, Suite 2800 |
| Binni N. Shah | Atlanta, GA 30309-4528 |
| STROOCK & STROOCK & LAVAN LLP | tdavis@kilpatricktownsend.com |
| 180 Maiden Lane | |
| New York, NY 10038-4982 | |
| (212) 806-5400 | |
| | *Attorneys for Defendant Times Three* |
| Dated: August 19, 2013 | *Clothier, LLC* |

-21-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SPANX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-CV-00710-WSD |
| | ) | |
| v. | ) | |
| | ) | |
| TIMES THREE CLOTHIER, LLC | ) | |
| d/b/a Yummie Tummie, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 19, 2013, the foregoing document was electronically filed using the CM/ECF system which will send notification of such filing as follows:

Natasha H. Moffitt
Laura S. Huffman
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521

Kathleen E. McCarthy
King & Spalding LLP
1185 Avenue of the Americas
New York, NY  10036

s/ Theodore H. Davis Jr.
Theodore H. Davis Jr.

-22-